# In the United States Court of Federal Claims

No. 21-2057
(Filed:  21 June 2022)
NOT FOR PUBLICATION

*************************************

| | |
|---|---|
| HARRY J. CONNER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

*************************************

*Harry J. Conner*, *pro se*, of Memphis, Tennessee.

*Patrick Angulo*, Trial Attorney, Commercial Litigation Branch, Civil Division, with whom were *Elisabeth M. Hosford*, Assistant Director, *Patricia M. McCarthy*, Director, *Brian M. Boynton*, Acting Assistant Attorney General, U.S. Department of Justice, all of Washington, D.C., for defendant.

## ORDER

**HOLTE**, **Judge.**

This case is Mr. Conner's third attempt to sue the government for allegedly exacting his money and property.  Plaintiff is the designated beneficiary on the Federal Employee's Group Life Insurance policy of his deceased mother, Mary W. Conner-Nelson.  Plaintiff alleges the government fraudulently refused to pay him the full sum due from the policy and therefore unlawfully took his property.  Plaintiff claims he is entitled to $2,000,000 plus interest under the policy and asks the Court to order the correction of his mother's government employment records.  The government moved to dismiss plaintiff's claims for lack of subject matter jurisdiction, for failure to bring his complaint within the Court's six-year statute of limitations, and under the doctrine of res judicata.  For the reasons discussed below, the Court:  (1) grants plaintiff's motion to proceed *in forma pauperis*; (2) grants the government's motion to dismiss; and (3) dismisses plaintiff's complaint.

## I.   Background

### A.   Factual History

The Court draws the following facts from plaintiff's filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader." (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))).

Plaintiff's mother, Mary W. Conner-Nelson ("Nelson"), began working for the United States Postal Service ("USPS") in 1966. Compl. ¶ 26, ECF No. 1-1. As an employment benefit, Nelson was automatically provided Federal Employee's Group Life Insurance ("FEGLI") coverage. *Id.* Nelson designated plaintiff as the sole beneficiary under her FEGLI policy in February 1968. *Id.* ¶ 29. Plaintiff alleges Nelson also elected to purchase $10,000 in additional life insurance coverage at that same time. *Id.* Plaintiff claims Nelson again elected additional FEGLI coverage in March 1981. *Id.* ¶ 33.

Nelson passed away on 3 February 2010. *Id.* ¶ 35. On 10 March 2010, plaintiff filed a $1.5 million administrative claim with USPS's Tort Claims Center "for its failure to procure the decedent's FEGLI policy in the correct amount as employing agency." Compl. ¶ 37. According to plaintiff, this resulted "in the loss of life insurance proceeds he was otherwise due and for the money that was due the decedent from the unwarranted personnel action." *Id.* "USPS did not respond." *Id.* Plaintiff then filed a claim with Metropolitan Life Insurance Company ("MetLife"), the insurance carrier the government contracted with to administer FEGLI claims. *Id.* ¶ 40. Plaintiff submitted to MetLife the claim form provided by the Office of Personnel Management ("OPM"). *Id.* ¶ 39. In June 2010, "MetLife adjudicated $14,000 plus $96.00 interest was due." *Id.*

Plaintiff disputed the amount of Metlife's claim payment; "MetLife directed him to OPM." *Id.* ¶ 47. According to plaintiff, OPM responded to plaintiff's dispute with "a fake OPM Initial Agency Decision ( IAD) [sic] letter falsely proclaiming it to be a formal agency decision rendered by OPM . . . that found after formal agency inquiry in respect to the amount of money paid as being correct." Compl. ¶ 48. Plaintiff sought reconsideration of the initial determination by OPM. *Id.* ¶ 51. On 14 November 2011, OPM issued its final agency decision affirming the determination that Nelson's FEGLI benefits were properly paid out in the amount of $14,096. Compl. Ex. 16 at 3. The final agency decision noted plaintiff had "the right to appeal this decision to the appropriate [f]ederal district court." *Id.* Plaintiff contends the two OPM decision's affirming MetLife's FEGLI payment determination are "fake," "forged," "fabricated," and "fraudulent." Compl. ¶¶ 48, 87. Plaintiff seeks $2,000,000 plus interest and a court order to correct Nelson's personnel records. *Id.* at 86 (Section VII. Prayer for Relief).

### B.   Past Litigation

This case is plaintiff's third attempt to contest the amount paid to him under Nelson's FEGLI policy. *See Conner v. U.S. Postal Serv.*, No. 2:11-CV-02476-JTF, 2014 WL 1350966, at *6 (W.D. Tenn. Apr. 4, 2014) (dismissing plaintiff's complaint because "the coverage that was issued is in the proper amount, $14,000, and that all allegations of Defendants' negligence are

without merit"); *Conner v. Metro. Life Ins. Co.*, No. 15-CV-2833-SHL-CGC, 2016 WL 3906817, at *4–5 (W.D. Tenn. July 14, 2016) ("Plaintiff has built this lawsuit on a house of cards already toppled by issue preclusion. . . .  Without the existence of any forged documents because of the previous rulings, Plaintiff's Complaint is a fantastical narrative without an arguable basis in fact. . . .  Plaintiff's Complaint contains a . . . shroud of paranoia and implausibility . . . [, and] rest[s] on factual determinations that are barred by issue preclusion and are premised on fanciful allegations with no arguable basis in fact . . . .").  The Sixth Circuit affirmed both dismissals of plaintiff's first two cases.  *See Conner v. U.S. Postal Serv.*, No. 14-5399, Order at 8–9, ECF No. 13-2 (6th Cir. Feb. 26, 2015) (affirming the first district court dismissal because "[t]he evidence of record establishes that USPS did not transmit inaccurate information to OPM; and, therefore, Nelson's insurance coverage was issued in the correct amount"); *Conner v. Metro. Life Ins. Co.*, No. 16-6167, 2017 WL 4158365 (6th Cir. Apr. 17, 2017).  As explained by the Sixth Circuit in affirming the second dismissal of plaintiff's claims:

> It is undisputed that Conner previously argued that USPS, the OWCP, the OPM, and MetLife issued and relied on forged documents and false information concerning his mother's FEGLI benefits, including OPM's Final Agency Decision and a USPS Agency Certification of Life Insurance.  Further, as expressed above, we previously affirmed the district court's ruling that Conner failed to present any evidence to support his claims that any documents were forged or improperly maintained.  Although Conner contends that issue preclusion should not apply because the defendants obtained the prior judgment via fraud, this argument is nothing more than an attempt to relitigate the claim that the documents were actually forged.
>
> To the extent that Conner has asserted new claims based on the defendants' alleged conspiracy to defraud he and other beneficiaries, the district court properly concluded that his allegations are fanciful and frivolous. . . .  As the district court correctly noted, Conner's identification of wide-ranging conspiracy involving a Congressman, a federal judge, the United States Attorney and various government agencies to deprive him of approximately $50,000 in FEGLI benefits is fantastical and implausible.

*Conner*, 2017 WL 4158365, at *2–3.  Having failed twice at the OPM, twice at the District Court for the Western District of Tennessee, and twice in the Court of Appeals for the Sixth Circuit, plaintiff now brings his case to the Court of Federal Claims.

## C.   Procedural History

On 18 October 2021, plaintiff filed his complaint alleging the government "used the federal court system to unlawfully take his property and property interest by usurping the authority of the court . . . ."  Compl. at iii.  Plaintiff also filed an application to proceed *In Forma Pauperis* that same day.  *See* Pl.'s IFP Appl., ECF No. 2.  On 17 December 2021, the government filed a motion to dismiss ("Gov't MTD"), ECF No. 8.  On 6 January 2022, plaintiff responded in opposition to the government's motion to dismiss ("Pl.'s Resp."), ECF No. 9.  On 24 January 2022, the government filed a reply in support of its motion to dismiss, ECF No. 10.

On 10 February 2022, plaintiff filed a motion for leave to file a surreply to the government's motion to dismiss, ECF No. 11.  On 18 February 2022, the government filed a response to plaintiff's motion for leave to file a surreply, ECF No. 12.  On 28 February 2022, plaintiff filed a reply in support of his motion for leave to file a surreply, ECF No. 13.

## II.    Plaintiff's *In Forma Pauperis* Application

As an initial matter, plaintiff requests the Court allow him to proceed *in forma pauperis*. *See* Pl.'s IFP Appl.  Pursuant to 28 U.S.C. § 1915(a)(1) (2018), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating plaintiff is unable to pay the fee or provide security and "'still be able to provide' himself and dependents 'with the necessities of life'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (stating the proper inquiry when considering an application to proceed *in forma pauperis* is whether "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007))).

Plaintiff states in his 18 October 2021 application to proceed *in forma pauperis* he is currently employed at Airport Fastpark & Relax making $1,376.00 in gross monthly wages, $1,200 net.  Pl.'s IFP Appl. at 1.  The only income plaintiff has received within the past twelve months is from his employment at Airport Fastpark & Relax.  *Id.* at 2.  Plaintiff claims he has no assets and no money in cash or in a checking or savings account.  *Id.*  Despite certifying under penalty of perjury that he has no automobile, plaintiff states he has a "$643.07 car note."  *Id.* Plaintiff further states he has no other monthly expenses whatsoever, including housing or utilities.  *Id.*  Per his IFP application, plaintiff seemingly enjoys $556.93 in surplus income each month, exceeding the Court's filing fee.  Though plaintiff has attested he has surplus monthly income, the Court nevertheless finds plaintiff has sufficiently demonstrated paying the Court's filing fee would "constitute a serious hardship" because he has no money in cash or in a checking or savings account.  *Waltner*, 93 Fed. Cl. at 143; *Adkins*, 335 U.S. at 339.  For these reasons, the Court grants plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

## III.    Applicable Law

### A.    Standard of Review for a Motion to Dismiss Under RCFC 12(b)(1) & (6)

Under RCFC 12(b)(1), plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence."  *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)) (internal quotation marks omitted).  "[A] motion to dismiss a matter from [this Court] due to the expiration of the statute of limitations period concerns a lack of subject matter jurisdiction and is thus properly brought under RCFC 12(b)(1)."  *Chisolm v. United States*, 82 Fed. Cl. 185, 192, *aff'd*, 298 F. App'x 957 (Fed. Cir. 2008) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008)), *aff'd*, 298 F. App'x 957 (Fed. Cir. 2008).  "[O]nly uncontroverted factual

allegations are accepted as true for purposes of [a Rule 12(b)(1) motion]." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1350, 1363, at 219–20, 457 (1990)). "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding . . . ." *Id.* at 1584 (citations omitted). Further, "the standards appropriate at this stage of the proceedings . . . require that the court construe all factual disputes in favor of [the nonmoving party]." *James v. J2 Cloud Servs., LLC*, 887 F.3d 1368, 1373 (Fed. Cir. 2018) (citation and quotation marks omitted).

### B.   *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this Court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in the drafting of her pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV.   Analysis of the Government's Motion to Dismiss

The government contends plaintiff's claims are barred by the court's statute of limitations. Gov't MTD at 11. Plaintiff disagrees, arguing "the United States harmed him through the federal court system, [so] his claims will not accrue and the six year statue [sic] limitations prescribed by 28 U.S.C. § 2501 will not begin to run until the federal court system, not merely the district court, has arrived at a final decision." Compl. ¶ 165 (citing *Shinnecock Indian Nation v. United States*, 782 F.3d 1345 (Fed. Cir. 2015)); Pl.'s Resp. at 5–6.

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2018). "A claim accrues 'when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.'" *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006) (quoting *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988)). "Generally, '[i]n the case of a breach of a contract, a cause of action accrues when the breach occurs.'" *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (quoting *Mfrs. Aircraft Ass'n v. United States*, 77 Ct. Cl. 481, 523 (1933)). The pendency of a related district court action over the same claim does not toll this Court's statute of limitations. *See Aulston v. United States*, 823 F.2d 510, 514 (Fed. Cir. 1987); *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1555 (Fed. Cir. 1994); *Walker v. United States*, 66 Fed. Cl. 57, 63, 65 (2005).

Plaintiff's complaint contains five counts:  the first four are various breach of contract claims arising out of the amount paid to him under Nelson's FEGLI policy; the fifth is for money that was allegedly due to Nelson on 26 February 1981 under the Back Pay Act.  Compl. ¶¶ 166–74.  As a threshold matter, Nelson's FEGLI policy does not place plaintiff in privity of contract with the government.  *Walker v. United States*, 161 Ct. Cl. 792, 799 (1963) (per curiam) ("[F]or breach of [an FEGLI] policy, [the] action lies against the insurance company, not the Government." (citations omitted)).  Assuming a contract exists anyway, plaintiff's claims for breach would have accrued on the date of MetLife's FEGLI benefits payment to plaintiff:  25 June 2010.  Compl. ¶ 39.  It was on this date plaintiff received $14,096, as opposed to the sum plaintiff asserts he is entitled to, in breach of the alleged contract.  *Id.*  Plaintiff filed his claims for breach of contract in this Court on 18 October 2021, and the Court's statute of limitations is six years.  *See* Compl.; 28 U.S.C. § 2501.  Taking the allegations in plaintiff's complaint as true—and that much is questionable, *see supra* Section I.B.—plaintiff brought his breach of contract claims in this Court nearly eleven years after the breach occurred.  Even the OPM final agency decision, issued on 14 November 2011 and affirming plaintiff's FEGLI benefits payment, is a decade old.  Compl. Ex. 16.  Accordingly, plaintiff's breach of contract claims are time-barred under the Court's statute of limitations.  28 U.S.C. § 2501.

Considering plaintiff's claim on behalf of Nelson under the Back Pay Act next—and placing constitutional standing requirements aside—the Back Pay Act does not provide an independent predicate for jurisdiction.  *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("The Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute.").  To invoke the Back Pay Act for purposes of this Court's jurisdiction, "some provision of law other than the Back Pay Act must first mandate, or at least be interpreted to mandate, money damages to an employee suffering an unjustified or unwarranted personnel action."  *Walker v. United States*, 11 Cl. Ct. 77, 80 (1986).  As plaintiff alleges no separate provision of law to support an unwarranted personnel action against Nelson, the Back Pay Act is insufficient to satisfy the Court's jurisdictional requirements.  *See* Compl.; *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008).  Even ignoring this Court's clear jurisdictional bar against plaintiff's claim, as plaintiff states in his complaint, if Nelson was entitled to money under the Back Pay Act, "the money was actually due" "on February 26, 1981."  Compl. ¶ 173.  Plaintiff filed his complaint on 18 October 2021, and the Court's statute of limitations is six years; plaintiff brings this claim over forty years after the claim accrued.  *See* Compl.; 28 U.S.C. § 2501.  Accordingly, plaintiff's claim on behalf of Nelson under the Back Pay Act is time-barred by the statute of limitations.  28 U.S.C. § 2501.

As a final matter, plaintiff appears to argue, though not expressly, the Court's statute of limitations is either tolled or otherwise has not yet begun because of his district court actions over these same claims.[1]  Compl. ¶ 165; Pl.'s Resp. at 5–6.  Plaintiff is mistaken.  The fact that

---

[1] Plaintiff's claims also appear to be barred under the doctrine of res judicata.  *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (holding under the doctrine of res judicata "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" and will "also bar a second suit raising claims based on the same set of transactional facts") (first quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); then citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)); *Bowers Inv. Co., LLC v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012).  Plaintiff himself describes for the Court how he brought the very same claims to the U.S. District Court for the Western District of Tennessee against the same parties involving the same timeline of events as he describes in his

plaintiff was litigating these very same claims in federal district court has no bearing on this Court's statute of limitations. *See Aulston*, 823 F.2d at 514 (holding that a plaintiff's challenge to an agency action in district court does not toll the statute of limitations in the Court of Federal Claims); *Lovelands Harbor, Inc.*, 27 F.3d at 1555 (same). Rather, plaintiff's cause of action began to accrue when the alleged breach occurred. *Alder Terrace, Inc.*, 161 F.3d at 1377. As noted above, plaintiff's complaint in this Court is late by many years. For these reasons, the Court has no choice but to grant the government's motion to dismiss. *See Hopland Band of Pomo Indians*, 855 F.2d at 1576–77 ("The 6-year statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." (citations omitted)).

## V.    Conclusion

The Court has considered all of plaintiff's arguments. To the extent not discussed specifically herein, they are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. Plaintiff's claims are barred by at least the court's statute of limitations. Accordingly, the Court: (1) **GRANTS** plaintiff's motion to proceed *in forma* pauperis; (2) **GRANTS** the government's motion to dismiss; and (3) **DISMISSES** plaintiff's complaint.[2] The Clerk is **DIRECTED** to enter judgment dismissing plaintiff's complaint.

**IT IS SO ORDERED.**

s/ Ryan T. Holte

---

complaint in this case. Pl.'s Resp. at 11–14; *see* Compl.; *see also Conner v. U.S. Postal Serv.*, No. 2:11-CV-02476-JTF, 2013 WL 8184415 (W.D. Tenn. Sept. 16, 2013) (magistrate report and recommendation adopted in part by the final district court judgment); *Harms v. United States*, 972 F.2d 339 (Table), 1992 WL 203942, at *8 (4th Cir. 1992) (holding there was privity between the USPS and the United States because the USPS had authority to represent the interests of the United States in the former suit); *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999) (same). The district court summarily denied his claims and dismissed his case with prejudice. *Conner*, 2014 WL 1350966, at *6 (dismissing plaintiff's complaint because "the coverage that was issued in the proper amount, $14,000, and that all allegations of Defendants' negligence are without merit"); *see Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992) (holding dismissal for failure to state a claim is a final judgement on the merits); *see also supra* Section I.B. The district court's judgment was then affirmed by the Sixth Circuit. *See Conner v. U.S. Postal Serv.*, No. 14-5399, Order at 8–9, ECF No. 13-2 (6th Cir. Feb. 26, 2015). Accordingly, even if plaintiff's claims were timely—and they are not—they would be barred by the doctrine of res judicata. *See Ammex*, 334 F.3d at 1055 (holding a claim is barred when, as here: (1) the parties are identical to that of a prior suit; (2) the prior suit was decided on the merits; and (3) the new claim is based on the same transactional facts as the prior suit). Plaintiff's arguments on the Court's statute of limitations further acknowledge the claims he brings before this Court are the same as those raised in district court. *See* Compl. ¶ 165 (arguing "the United States harmed him through the federal court system, [so] his claims will not accrue and the six year statue [sic] limitations prescribed by 28 U.S.C. § 2501 will not begin to run until the federal court system, not merely the district court, has arrived at a final decision."). If this Court's statute of limitations supposedly does not run until the entire "federal court system . . . has arrived at a final decision," *id.*, then that would imply plaintiff is aware he is bringing the same claims he brought before the district court to exhaust all federal court options.

[2] On 10 February 2022, plaintiff filed a motion for leave to file a surreply in opposition to the government's motion to dismiss, ECF No. 11. The government responded to plaintiff's motion for leave stating it defers to the Court as to whether plaintiff's motion for leave should be granted, ECF No. 12. The Court **GRANTS** plaintiff's motion for leave to file a surreply, ECF No. 11, and considered it in ruling on the government's motion to dismiss.

RYAN T. HOLTE
Judge