# In the United States Court of Federal Claims

No. 21-2057
(Filed: 12 December 2022)
NOT FOR PUBLICATION

```
*************************************
HARRY J. CONNER,                     *
                                     *
                  Plaintiff,         *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                  Defendant.         *
                                     *
*************************************
```

## ORDER

**HOLTE**, **Judge.**

      On 18 October 2021, *pro se* plaintiff Harry Conner filed his complaint alleging the government "used the federal court system to unlawfully take his property and property interest by usurping the authority of the court[.]"  Compl. at iii, ECF No. 1-1.  On 17 December 2021, the government moved to dismiss plaintiff's complaint as barred by the Court's statute of limitations and res judicata, ECF No. 8.  The Court granted the government's motion to dismiss on 21 June 2022 because plaintiff's breach of contract and Back Pay Act claims are time-barred under the Court's six-year statute of limitations.[1]  Order at 6, ECF No. 14; 28 U.S.C. § 2501.  On 20 July 2022, plaintiff filed a motion to amend findings of fact and conclusions of law.  Pl.'s Mot. Amend, ECF. No 16.  The same day, plaintiff also filed a motion for reconsideration and relief from the Court's Order granting the government's motion to dismiss.  Pl.'s Mot. Recons., ECF No. 17.  Plaintiff argues the Court "fail[ed] to consider facts and law" pertaining to "tolling doctrines[.]"  *Id.* at 1.  On 3 August 2022, the government filed its response to plaintiff's motion to amend findings of fact and conclusions of law.  Gov't's Resp. Pl.'s Mot. Amend, ECF No. 18.

---

[1] For a complete discussion of plaintiff's claims, see the Court's 21 June 2022 Order, ECF No. 14.  In brief, this case is Mr. Conner's third attempt to sue the government for allegedly exacting his money and property.  Plaintiff is the designated beneficiary on the Federal Employees' Group Life Insurance policy of his deceased mother, Mary W. Conner-Nelson, who passed away in 2010.  Plaintiff alleges the government fraudulently refused to pay him the full sum consistent with the policy and, therefore, unlawfully took his property.  Plaintiff claims he is entitled to $2,000,000 plus interest under the policy and asked the Court to order the correction of his mother's government employment records.  The government moved to dismiss plaintiff's claims for lack of subject matter jurisdiction, for failure to bring his complaint within the Court's six-year statute of limitations, and under the doctrine of res judicata.  The 21 June 2022 Order:  (1) granted plaintiff's motion to proceed *in forma pauperis*; (2) granted the government's motion to dismiss; and (3) dismissed plaintiff's complaint.

Plaintiff filed a reply to the government's response on 15 August 2022, five days after the reply was due ("Pl.'s Reply").  *See infra* note 2.

Plaintiff requests the Court alter or amend its previous judgment, arguing the same issues previously litigated:  (1) the presence of a "wide[-]ranging scheme to defraud the United States Government [and] its employees and beneficiaries under the [Federal Employees' Group Life Insurance ('FEGLI')] program by the retroactive application of the FEGLI termination to employees['] polic[ies] who were insured under the policy prior to the November 1978 Amendment"; (2) the six-year statute of limitations does not or should not apply; and (3) res judicata does not bar plaintiff's claims as he has not (in any of his three prior lawsuits) litigated these claims before.  Pl.'s Mot. Recons. at 20; *see id.* at 15–19.  Plaintiff alleges in his motion for reconsideration the Court erred in failing to consider sovereign immunity in holding plaintiff's claims were barred.  *Id*. at 17.  Plaintiff also contends "the judgment was obtained under fraudulent pretenses that included fraud upon this court and also involves the furthering of the concealment of an ongoing and continuing conspiracy[.]"  *Id*. at 1.

In plaintiff's motion to amend, plaintiff asserts the Court did not address sovereign immunity "regarding res judicata and failed to consider the tolling doctrines when calculating its time considerations in determining that his claims to be time barred when the court issued its order and judgment dismissing his complaint for lack of jurisdiction."  Pl.'s Mot. Amend at 1.  Plaintiff argues the Court did not discuss the merits of multiple claims in his briefs.  *Id*. at 1–2.  Plaintiff specifically seeks review of his claims:  (1) he is owed a government refund "in excess of $10,000"; and (2) the government violated the Fifth Amendment with its alleged taking of his deceased mother's salary.  *Id*. at 2–3.

In plaintiff's reply, he argues the government makes deliberate misrepresentations to the Court by stating the motion to amend raised no new issues for the Court to decide.  Pl.'s Reply at 2.  Plaintiff restates his assertion this court has exclusive jurisdiction over plaintiff's claims.  *Id*. at 12–13.  Plaintiff alleges bad faith, fabrication, forgery, and fraud by the government.  *Id*. at 6, 11, 18–19.  Plaintiff alleges participating government attorneys in his suit against the government in district court, *Conner v. U.S. Postal Serv.*, No. 11-2476, 2014 WL 1350966 (W.D. Tenn. filed June 13, 2011), acted in violation of federal ethics laws by representing MetLife and the government before the district court where the United States had an interest.  *Id*. at 11.  Plaintiff argues fraud has tainted the proceedings, destroying the validity of the government's case.  *Id*. at 10–12.

The government argues plaintiff's "motion falls far short of the high burden that must be overcome in seeking reconsideration of a judgment" because plaintiff does not assert a change in law or newly discovered evidence justifying reconsideration.  Gov't's Resp. Pl.'s Mot. Amend at 3.  The government asserts plaintiff "attempts to relitigate arguments previously made or present new arguments previously available to him" by reasserting an equitable tolling argument already rejected by the Court from his response to the government's motion to dismiss, ECF No. 9 ("Pl.'s Resp. Opp. Gov't's Mot. Dismiss").  *Id.* at 4–5.  Lastly, the government contends plaintiff alleges the Court made errors, but plaintiff's briefing lacks any explanation of how these alleged errors affect "the Court's core holding—that Mr. Connor's complaint, in its entirety, is barred by the statute of limitations."  *Id.*

Under Rule 59 of the Rules of the Court of Federal Claims ("RCFC"), the Court may grant a motion for reconsideration: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or] (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court[.]" RCFC 59(a)(1). "Under [RCFC] 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)); *see also Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (noting a court will not grant a motion for reconsideration based on "new arguments that could have been made earlier"), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018). "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (per curiam)), *holding modified by Hardy v. United States*, 965 F.3d 1338 (Fed. Cir. 2020).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). A motion for reconsideration "should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Seldovia Native Ass'n Inc. v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883)). "It is not sufficient for plaintiff[] to reassert the same arguments [he] made in earlier proceedings, nor can plaintiff[] raise new arguments that could have been made earlier." *Lee*, 130 Fed. Cl. at 252 (citing *Freeman v. United States*, No. 01-39, 2016 WL 943859, at *2 (Fed. Cl. Mar. 1, 2016), *aff'd*, 875 F.3d 623 (Fed. Cir. 2017)). A motion for reconsideration will be rejected if it is a "second bite at the apple" where plaintiff "failed in [his] first effort to persuade the court" and "simply changed theories and tried again[.]" *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *accord Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369 (Fed. Cir. 2014) (citing same).

RCFC 52(b) allows the Court, upon a party's motion filed within 30 days of the entry of judgment, to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." In a RCFC 52(b) motion for amendment, the moving party must show "it is appropriate to alter or amend the judgment entered" and can do so by pointing to an error in the judgment. *Langan v. United States*, No. 18-1603, 2019 WL 4643746, at *4 (Fed. Cl. Sep. 24, 2019). A motion filed under RCFC 52(b) "may accompany a motion for a new trial under RCFC 59." RCFC 52(b). The Court traditionally analyzes an RCFC 52(b) motion under the same standard as a motion pursuant to RCFC 59(a) mentioned *supra*. *See, e.g., S. Nuclear Operating Co. v. United States*, 79 Fed. Cl. 135, 137 (2007); *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 781 (2006).

The Court construes plaintiff's arguments as advancing legal error by the Court as the rationale for reconsideration. *See* Pl.'s Mot. Recons. at 19; RCFC 59(a)(1). Plaintiff asserts the

government did not contradict plaintiff's alleged facts with evidence, the Court's "finding is in direct contradiction of federal statute[ and] regulation[,]" and the Court cited "void prior invalid judgments and orders" and mischaracterized plaintiff's allegations.  Pl.'s Mot. Recons. at 19–20.  Plaintiff does not argue there is a change of law or new evidence justifying reconsideration.  *See id.*; *Biery*, 818 F.3d at 711.  The Court therefore analyzes whether there is "a need to correct clear factual or legal error or prevent manifest injustice."  *Biery*, 818 F.3d at 711.

Plaintiff's arguments regarding a scheme to defraud the government, the statute of limitations, and the application of sovereign immunity to res judicata were all previously presented.  *See* Compl.; *see also* Gov't's Reply Supp. Mot. Dismiss, ECF No. 10; Pl.'s Reply Supp. Mot. Leave File Surreply, ECF No. 13.  "[I]t is not sufficient for plaintiff[] to reassert the same arguments [he] made in earlier proceedings[.]"  *Lee*, 130 Fed. Cl. at 252.  In plaintiff's motion for reconsideration, he argues the statute of limitations should not apply to his claim because of equitable tolling; however, he already presented this argument in his response to the government's motion to dismiss, and the Court found this argument meritless.  *Compare* Pl.'s Resp. Opp. Gov't's Mot. Dismiss at 5–6, *with* Pl.'s Mot. Recons. at 15–17; *see* Order at 6 ("As a final matter, plaintiff appears to argue, though not expressly, the Court's statute of limitations is either tolled or otherwise has not yet begun because of his district court actions over these same claims.  Plaintiff is mistaken." (internal citations omitted)); *see also Lee*, 130 Fed. Cl. at 252.  Plaintiff claims "the Court erred in failing to consider facts and law in respect to tolling doctrines when it found that his claims against the Government were time barred[,]" Pl.'s Mot. Recons. at 1, but the statute of limitations is a jurisdictional requirement not subject to equitable tolling.  *See Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–39 (2008)).  Plaintiff also repeats his argument from his complaint the government did not waive sovereign immunity.  *Compare* Pl.'s Compl. at i–ii, 34 n.8, *with* Pl.'s Mot. Recons. at 17–19.  The Court, accordingly, denies plaintiff's motion for reconsideration pursuant to RCFC 59(a).  *See Biery*, 818 F.3d at 711; *Yuba Nat. Res.*, 904 F.2d at 1583.

In considering a motion to amend, the Court analyzes whether the moving party has shown "it is appropriate to alter or amend the judgment entered" and can do so by pointing to an error in the judgment.  *Langan*, 2019 WL 4643746, at *4.  To the extent plaintiff raises any novel arguments in his filings following the Court's Order dismissing his case, plaintiff remains unable to clear the jurisdictional hurdle of the Court's six-year statute of limitations.  *See* Order; 28 U.S.C. § 2501.  The Court, accordingly, denies plaintiff's motion to amend pursuant to RCFC 52(b).  *See Yuba Nat. Res.*, 904 F.2d at 1583; *S. Nuclear Operating Co.*, 79 Fed. Cl. at 137.

The Court has considered all of plaintiff's arguments.  To the extent not discussed specifically herein, they are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court.  Plaintiff has not met the heightened standard for the Court to grant a motion for reconsideration.  *See Caldwell*, 391 F.3d at 1235 ("Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" (citation omitted)); *Biery,* 818 F.3d at 711.  Plaintiff's motion to amend fails to overcome the Court's six-year statute of limitations.  *See* Order; 28 U.S.C. § 2501; *see also Yuba Nat. Res.*, 904 F.2d at 1583; *S. Nuclear Operating Co.*, 79 Fed. Cl. at 137.

Accordingly, the Court: **DENIES** plaintiff's motion for reconsideration, ECF. No. 17;[2] **DENIES** plaintiff's motion to amend findings of fact and conclusions of law, ECF. No. 16; and **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith because, as alleged, plaintiff's claims are clearly outside the jurisdiction of this court and incurable.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

[2] On 15 August 2022, plaintiff attempted to file a reply to the government's response. Plaintiff filed the reply five days late as the reply was due 10 August 2022. Plaintiff should have filed a motion for leave to file out of time for the Court to accept the late reply. The Court, however, will accept plaintiff's 15 August 2022 deficient filing and **DIRECTS** the Clerk to file it by leave of the Court.